IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BOBBY CHEN, | : | |
| Plaintiff, | : | |
| v. | : | Civil No. L-09-47 |
| MAYOR & CITY COUNCIL OF BALTIMORE, *et. al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

Plaintiff Bobby Chen brings this diversity and federal question action pursuant to 42 U.S.C. § 1983 and various Maryland state laws. On January 1, 2009, Mr. Chen, a resident of New York, filed a five-count Complaint for compensatory and punitive damages against the Mayor and City Council of Baltimore, three employees of Baltimore's Department of Housing and Community Development, and P&J Contracting Company, Inc. The claims resulting in the instant suit arose from the demolition of a row house owned by Mr. Chen, located at 1620 E. Chase Street in Baltimore City, on November 12, 2008.

Now pending are three motions: (i) Plaintiff's Motion to Strike the Municipal Defendants' Answer, (ii) Plaintiff's Motion to Strike the Municipal Defendants' Reply or, in the Alternative, For Leave to File Surreply, and (iii) the Municipal Defendants' Motion to Dismiss the § 1983 claims (Counts IV and V) and the claims for punitive damages (Counts II and V). The parties have fully briefed the Motions, and the Court deems oral hearing unnecessary. See L.R. 105.6. For the reasons stated herein, the Court will, by separate Order, DENY the Motions.

I.   BACKGROUND

   A.   Factual History

Mr. Bobby Chen is the owner of residential property in Baltimore City located at 1620 East Chase Street ("the Property"). He claims that on August 8, 2008, P&J Contracting Company, Inc. ("P&J"), an independent contractor with the Baltimore City's Department of Housing and Community Development ("DHCD"), "negligently damaged [his] property while demolishing the adjacent row house at 1622 E. Chase Street," which was owned by the Defendant Mayor and City Council of Baltimore ("the City"). Complaint ¶ 4. The Complaint alleges that the razing of the adjacent row house was not preceded by proper public notice through the posting of a conspicuous sign at least 5 days prior the demolition, as required by the Baltimore City Building Code. See International Building Code ("IBC") §§ 105.9 and 120.7.

On June 24, 2008, Mr. Chen applied for a permit to complete additional renovations on the Property. He received the permit from DHCD on September 2, 2008, on which date Mr. Chen visited the Property and thereupon discovered its damaged condition. Consequently, Mr. Chen contacted a reporter for The Baltimore Sun and sent a letter of complaint to the City.

On September 5, 2008, DHCD issued a stop-work order to Mr. Chen because his existing permit was "not adequate for [the] scope of work." Complaint ¶ 6. The Complaint further alleges that the City simultaneously "worked towards issuing a permit to Defendant P&J for the demolition of Plaintiff's property" without notifying Mr. Chen. Id. On November 11, 2008, after visiting the Property and speaking with employees of P&J, Mr. Chen learned of the City's plan to demolish the Property. He claims that the demolition began on the evening of November 11, 2008 (Veteran's Day) and was completed on the morning of November 12th. The timing of P&J's demolition was deliberate, he asserts, as the City offices were closed for Veteran's Day, and that "by the time the courts had re-opened from the holiday, the property could not be salvaged." Complaint ¶ 7.

B.     Procedural History

Mr. Chen filed a Complaint in this Court on January 9, 2009, alleging state and federal causes of action against the City and three employees of the City's DHCD ("the Individual Municipal Defendants") arising from due process violations effected by the City's failure to comply with the procedures outlined in the Baltimore City Building Code ("the Building Code"). See Balt. City Building & Fire Code § § 105.92, 120.2, 120.7, 123.1, 123.3.1, 123.6, 123.7 and 123.8.1.  Complaint ¶ 8.  The City and the Individual Municipal Defendants (collectively, "the Municipal Defendants") filed an Answer on February 16, 2009 (Docket No. 7) as to Counts I and II of the Complaint (Violation of Art. 24 of Md. Declaration of Rights; Violation of Art. III, § 40 of Md. Constitution).  On February 16, 2009, the Municipal Defendants filed a Motion to Dismiss (Docket No. 5) as to Counts IV and V (§ 1983 claims).  P&J filed its Answer as to Count III (conversion, trespass, negligence, and intentional destruction of property) on February 26, 2008 and does not join in the instant Motion to Dismiss.  Docket No. 10.

In their Answer to Counts I and II, the Municipal Defendants assert various defenses and immunities, as well as a Counterclaim against Mr. Chen pursuant to § 117 of the Building Code, seeking actual expenses, including any statutory interest and penalties up to the date of payment, incurred in demolishing the structure formerly located at 1620 E. Chase Street.  Answer ¶ 16.  In addition, Mr. Chen filed a Crossclaim against the Individual Municipal Defendants and P&J stating a claim for indemnification "[i]n the event that judgment is entered against Plaintiff/Cross-Defendant" in the Municipal Defendants' Counterclaim against Mr. Chen. Docket No. 16.  P&J answered the Crossclaim on March 13, 2009.  Docket No. 18.

On April 22, 2009, the case was transferred to the undersigned following Judge Andre Davis's nomination to the appellate court.  Because of the pendency of the Municipal Defendants' Motion to Dismiss, there has not yet been any discovery in this case.

II.    STANDARD OF REVIEW

A motion to dismiss tests the sufficiency of a complaint. The liberal pleading requirements of Federal Rule of Civil Procedure 8(a) demand only a "short and plain" statement that gives "the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957).

In order to survive the Municipal Defendants' Motion to Dismiss, Mr. Chen's Complaint must include plausible, though not detailed, factual allegations allowing the Court to draw a reasonable inference as to the Defendants' liability. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Although the factual allegations of the Complaint must be accepted as true and viewed in the light most favorable to the plaintiff, legal conclusions devoid of factual support need not be entertained. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

III.   ANALYSIS

    A.    Motion to Strike Municipal Defendants' Answer; Motion to Strike Municipal Defendants' Reply Memorandum or, in the Alternative, For Leave to File Surreply

Mr. Chen has moved to strike the Municipal Defendants' Answer to the Complaint on grounds that "Defendants' Answer does not apprise the Court, nor Plaintiff, of what will be at issue in this case, as required by the Rules." Docket No. 13, ¶ 5. Aside from a seemingly unintentional failure to admit that Defendants Braverman, Dorich, and Bolden are, indeed, citizens of Maryland, the Answer is not otherwise deficient under Rule 8(b). See Docket No. 21. The Court finds that the Answer comports with Rule 8(b) and should not be stricken. Accordingly, the Court will DENY Mr. Chen's Motion to Strike the Answer.

Mr. Chen has also filed a Motion to Strike the Defendants' Reply or, in the Alternative, for Leave to File Surreply. Mr. Chen objects to three statements included in the Municipal Defendants' Reply Memorandum, claiming that he will suffer prejudice if the Court considers

4

them.  Pursuant to Local Rule 105.2(a), surreply memoranda are not permitted unless otherwise ordered by the Court.  The Court will DENY the Motion, as there are no "new issues or legal theories" asserted in the Reply Memorandum.  <u>Interphase Garment Solutions, LLC v. Fox TV Stations, Inc.</u>, 566 F. Supp. 2d 460, 466 (D. Md. 2008).  The proper time for weighing evidence is after the completion of discovery.  The Court, therefore, does not wish to receive any additional briefing on the pending motions at present.

     B.    <u>Motion to Dismiss</u>

Mr. Chen states two broad claims in his Complaint.  First, he alleges that P&J damaged his property while demolishing an adjacent row house located at 1622 East Chase Street.  According to Mr. Chen, this demolition was performed in violation of the public notice requirements of the Municipal Code.  Second, Mr. Chen alleges that the City later demolished his house, also without following its own administrative and due process procedures as mandated by various sections of the Code.  Underlying these claims is Mr. Chen's allegation that the City, in conspiracy with the other Defendants, decided to demolish his house on the pretext that it was an unsafe structure, in order to conceal the damage inflicted by P&J.

Municipalities may be held liable for the torts of their officers and employees when an alleged constitutional violation merely effectuates official municipal policy or custom.  <u>Monell v. Dep't of Social Servs.</u>, 436 U.S. 658, 690 (1978).  In order to initiate a § 1983 claim under this theory, Mr. Chen must "adequately plead and prove the existence of an official policy or custom that is fairly attributable to the municipality and that proximately caused the deprivation of [his] rights."  <u>Jordan by Jordan v. Jackson</u>, 15 F.3d 333, 338 (4th Cir. 1994).  In Count IV of the Complaint, Mr. Chen alleges that it is the City's "policy, practice and custom to seize and raze private real property without due process of law."  Complaint ¶ 24.  In Count V, he asserts that the Individual Municipal Defendants deprived him of due process of law by failing to comply

5

with the pre-demolition procedures outlined in the Municipal Code. Complaint ¶ 28. Where, as here, the plaintiff alleges a constitutional violation resulting from a Government official's deviation from established municipal policy, the complaint must support the inference that the City's "actual policies were different from the ones that had been announced." City of St. Louis v. Praprotnik, 485 U.S. 112, 131 (1988).

1. *Rule 8(b) Requirements for § 1983 Claims (Counts IV and V)*

At the outset, the Municipal Defendants allege that the Complaint "is insufficient to state a claim because it does not provide the City with adequate notice with which to frame a response." Docket No. 6. The Fourth Circuit has reiterated, however, that § 1983 plaintiffs are not subject to a "heightened pleading standard," in accordance with the Supreme Court's decision in Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 113 S. Ct. 1160, 1163 (1993). Jordan by Jordan, 15 F.3d at 339 (concluding that "a section 1983 plaintiff seeking to impose municipal liability must satisfy only the usual requirements of notice pleading specified by the Federal Rules"). The Court finds that the Complaint satisfies the "notice pleading" standard of Rule 8(b) and provides adequate notice to the Defendants from which to frame a response.

2. *Municipal Liability Based on Municipal Defendants' Official-Capacity Actions (Counts IV and V)*

A plaintiff seeking to impose municipal liability as a result of the conduct of a Government official "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, S. Ct. at 1948. In this case, the Complaint alleges that the City has a "policy, practice and custom to seize and raze private property without due process of law," and cites two separate incidents in which the City violated the City Code's notice requirements by failing to provide posted notice prior to demolishing property. Complaint ¶¶ 4, 7, 24. Mr. Chen also suggests that the failure to provide proper

6

notice was part of the City's scheme "to conceal the damage to Plaintiff's property caused during the demolition of an adjacent City-owned property." Complaint ¶ 2. These assertions are sufficient to establish a plausible claim for supervisory liability based on the actions of the Individual Municipal Defendants.

At the summary judgment stage, however, Mr. Chen will be responsible for distinguishing among the policymaking authority exercised by each of the Individual Municipal Defendants. See Jett v. Dallas Independent School District, 491 U.S. 701, 737 (1989) (whether a particular Government officer is a "final policymaker" is a legal question for the Court to resolve as a matter of state law). Moreover, Mr. Chen must assign specific violations among each of the Individual Municipal Defendants. See Iqbal, 129 S. Ct. at 1949 ("Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Following the discovery period, the Court may reevaluate Mr. Chen's claims.

        3.    *Punitive Damages (Counts II and V)*

The Individual Municipal Defendants also assert that Mr. Chen has inadequately plead a claim for punitive damages in Counts II and V. In Maryland, punitive damages are limited to "situations in which the defendant's conduct is characterized by knowing and deliberate wrongdoing." Darcars Motors of Silver Springs, Inc. v. Borzym, 379 Md. 249, 264-65 (2004). The Complaint alleges that the Individual Municipal Defendants conspired to demolish Mr. Chen's property without proper notice in order to conceal damage previously inflicted on the property by P&J. Taken as true, these allegations support the reasonable inference that the City officials acted with the requisite intent to injure. Accordingly, the Court finds that the allegations in the Complaint sufficiently plead "knowing and deliberate wrongdoing" on the part of the Individual Municipal Defendants.

4.  *Qualified Immunity*

Finally, the Individual Municipal Defendants assert a defense of qualified immunity, which bars § 1983 suits against Government officers in their individual capacities. See Brandon v. Holt, 469 U.S. 464, 472-73 (1985). The evaluation of a qualified immunity defense requires a two-part analysis: (1) whether the plaintiff has alleged the deprivation of an actual constitutional right, and (2) if so, whether that right was clearly-established at the time of the alleged violation. Wilson v. Layne, 526 U.S. 603, 609 (1999).

The Individual Municipal Defendants claim that the second element of the Wilson test has not been satisfied based upon an Order issued by the Circuit Court for Baltimore City on November 12, 2008, denying Mr. Chen's Motion for a Temporary Restraining Order ("TRO") to prevent the demolition of his property. The Complaint, however, states that the demolition began on the evening of November 11, 2008 and was completed by November 12th. Complaint ¶ 7. Assuming, *arguendo*, that the denial of Mr. Chen's request for a TRO signifies that there was no violation of a clearly-established right to pre-demolition notice and hearing procedures, the Court notes that the Order, nevertheless, did not issue until November 12, 2008. The Order denying Mr. Chen's TRO request, therefore, could not have influenced the Individual Municipal Defendants' decision to demolish the Property on November 11, 2008, as it could only provide ex post assurance of the legality of their actions.

The Supreme Court has stated that qualified immunity is a threshold issue that "ordinarily should be decided by the court long before trial." Hunter v. Bryant, 502 U.S. 224, 228 (1991). See DiMeglio v. Haines, 45 F.3d 790 (4th Cir. 1995) (noting that in cases where there is a material dispute concerning an alleged violation of clearly-established law, the question of qualified immunity "cannot be resolved without discovery") (citing Anderson v. Creighton, 483 U.S. 635, 646-647 n. 6 (1987)). Here, however, it is appropriate for the parties to engage in

some initial factfinding in order to resolve the question of whether Mr. Chen had a clearly-established right at the time of the alleged violation. After discovery, the Court can revisit the issue of whether the Baltimore City Circuit Court's denial of Mr. Chen's request for a TRO preventing the demolition entitles the Individual Municipal Defendants to a defense of qualified immunity.[1]

Accordingly, by separate Order of even date, the Court will DENY the Municipal Defendants' Motion to Dismiss. The record must be developed factually before the legal issues can be decided. The proper time at which to address these issues will occur at the summary judgment stage of the case, following the conclusion of discovery.

IV.   CONCLUSION

By separate Order of this date, the Court will (i) DENY Chen's Motion to Strike the Answer to the Complaint, (ii) DENY Chen's Motion to Strike the Reply Memorandum or For Leave to File a Surreply, and (iii) DENY the Municipal Defendants' Motion to Dismiss.

It is so ORDERED this 12th day of August, 2009.

/s/
Benson Everett Legg
Chief Judge

---

[1] The Court further notes that Mr. Chen's Complaint does not explicitly address whether the Individual Municipal Defendants acted in their private or official capacities at the time of the alleged wrongdoing. The Complaint need not be dismissed on these grounds, however. See Biggs v. Meadows, 66 F.3d 56, 60 (4th Cir. 1995) (holding that "a plaintiff need not plead expressly the capacity in which he is suing a defendant in order to state a cause of action under § 1983"). Mr. Chen's prayer for relief in the form of punitive damages implies that the Individual Municipal Defendants are being sued in their private capacities. Id. at 61.